UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ECi Macola/MAX, LLC** | ) | CASE NO. 18-CV-00719 |
| 5455 Rings Road | ) | |
| Suite 100 | ) | DISTRICT JUDGE |
| Dublin, Ohio 43017 | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **PRELIMINARY AND PERMANENT** |
| **Leahy Consulting, Inc.** | ) | **INJUNCTIVE RELIEF AND MONEY** |
| c/o Michael J. Leahy, Statutory Agent | ) | **DAMAGES** |
| 3637 Zumstein Avenue | ) | |
| Cincinnati, Ohio 45208 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Plaintiff ECi Macola/MAX, LLC ("ECi") for its Verified Complaint for Preliminary and Permanent Injunctive Relief and Money Damages against Defendant Leahy Consulting, Inc. ("Leahy" or "Defendant") alleges and states as follows:

## PARTIES

1.      ECi is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Dublin, Franklin County. Ohio.

2.      ECi was formerly known as Exact Software North America, LLC ("Exact").

3.      On or about September 29, 2017 Exact became a wholly owned subsidiary of ECi Software Solutions Company and changed its name to ECi.

4.     Leahy is a corporation organized under the laws of the State of Ohio with its principal place of business in Cincinnati, Hamilton County, Ohio.

## JURISDICTION AND VENUE

5.     This is an action arising under the trademark and copyright laws of the United States and the laws of the State of Ohio.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

6.     This Court has personal jurisdiction over the Defendant.  Defendant has committed and continues to commit trademark and copyright infringement, false advertising, unfair competition, and breach of contract through the United States, including within this judicial district.  Defendant's actions as alleged in this Complaint have caused and continue to cause injury to ECi within this district and have enabled Defendant to wrongfully derive revenue from its unlawful activities.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b).  Defendant resides in this district for the purposes of the civil action in question and a substantial part of the events giving rise to the claims described in this Complaint occurred in this district.

## FACTUAL ALLEGATIONS AND BACKGROUND

### ECi's Macola®-Branded Products, Trademark, and Copyrights

8.     ECi (formerly Exact) is a global software solutions company specializing in technology and software solutions and services for a diverse group of entrepreneurs in the manufacturing, building & construction, field service, and distribution vertical markets.  ECi focuses on end-to-end technology solutions for small-to-medium sized businesses (SMBs) that enable ECi's customers to compete, grow, and thrive in competitive market segments.

9.     Among other products, ECi produces Macola®-branded software, a fully integrated enterprise resource planning ("ERP") and business software system tailored for the unique needs of manufacturers and distributors, and allowing them to automate, manage, and grow their businesses.

10.     Since at least June 2, 1983, ECi (directly and through its predecessors-in-interest) has been marketing, promoting, distributing, offering for sale, and selling ERP software solutions under the federally registered trademark, Macola®.

11.     Macola® is an arbitrary or coined term. It is inherently distinctive when used in connection with ECi's software products and related goods and services. In addition, it has acquired distinctiveness as an ECi trademark in light of ECi's substantially exclusive use (including use licensed to authorized business partners under strict and clearly defined parameters) of Macola® in connection with its goods and services and through its extensive sales, advertising and promotion under Macola®. As a result, ECi has developed trademark rights in Macola®.

12.     Through ECi's carefully-orchestrated advertising campaigns, ECi has developed significant goodwill in the Macola® word mark, and as a result of ECi's continued use, promotion, and advertising of the Macola® trademark and products marketed, offered for sale, and sold thereunder, consumers and the general public have come to closely associate the Macola® trademark with ECi and its high-quality software products.

13.     To protect its valuable trademark rights in Macola®, ECi's predecessor-in-interest registered the Macola® mark with the United States Patent and Trademark Office. The Macola® mark is a federally registered trademark (U.S. Reg. No. 1,862,394) for use in connection with "computer programs, namely, executive information, integrated financial

management, distribution management, and manufacturing management computer programs." The registration issued on November 15, 1994. A true and correct copy of ECi's Macola® trademark's Certificate of Registration is attached hereto as Ex. A and incorporated herein by reference.

14. ECi's predecessor-in-interest also registered the Progression® mark with the United States Patent and Trademark Office. The Progression® mark is a federally registered trademark (U.S. Reg. No. 1,860,315). The registration issued on October 25, 1994. A true and correct copy of ECi's Progression® trademark's Certificate of Registration is attached hereto as Ex. B and incorporated herein by reference. Further, ECi holds an unregistered, common law trademark for Macola ES™.

15. ECi is the owner of the Macola® and Progression® trademarks. The Macola® and Progression® trademark registrations are valid and subsisting and are in full force and effect.

16. ECi's trademark rights in the Macola® and Progression® trademarks (U.S. Reg. No. 1,862,394 and U.S. Reg. No. 1,860,315) have become incontestable under the Lanham Act, 15 U.S.C. § 1065.

17. By virtue of long-standing and continuous use, wide geographic publicity, and extensive sales, advertising, and promotion of ECi's products, the Macola® and Progression® trademarks have developed secondary meaning and significance in the minds of relevant purchasers as a distinctive origin and source of the goods of ECi.

18. ECi is also the owner of multiple valid U.S. copyright registrations covering the Macola®-branded software. These copyright registrations include TXu 1-963-650 (Exact Macola ES v. 9), which registered on Aug. 12, 2015; TXu 1-994-590 (Exact Macola v.

10), which registered on Aug. 12, 2015; TXu 1-963-668 (Exact Business Analytics (Macola) v. 5), which registered on Aug. 12, 2015; and TXu-963-642 (Exact Macola Progression v. 78), which registered on Aug. 12, 2015. (These copyright registrations are referred to herein, collectively, as the "Macola® Copyrights.") ECi is the owner of all right, title, and interest in the Macola® Copyrights. True and correct copies of the certificates of copyright registration for the Macola® Copyrights are attached hereto as Ex. C and incorporated herein by reference.

19. Prior versions of Macola®-branded software included versions known as Macola® Progression® and Macola® ES. These versions were not dashboard-based and did not include personalized role-based dashboards for the user.

20. On June 30, 2014, Exact (n/k/a ECi) launched the newest version of Macola®-branded software, Macola® 10. Macola® 10 is a dashboard-based product that provides workflow automation, personalized role-based dashboards, and document management along with the core offerings included in previous releases.

### Leahy, ESTA Group, and the Reseller Agreement

21. Leahy is an ERP consultant that publicly holds itself out as a value-added vendor and consulting services provider for Macola® Software, and as a designer and implementer of Macola® ERP software, among other things.

22. Leahy is not an affiliate of ECi.

23. Upon information and belief, Leahy's entire business is built around Macola®-branded products, and all of Leahy's customers are customers/end users of Macola®-branded products.

24. Leahy currently holds itself out as Macola® experts, and as an authorized reseller and support provider of Macola®-branded products.

25.     Leahy's website, www.leahyconsulting.com,[1] is replete with references to Macola® and Macola®-branded software.  Copies of screen grabs downloaded from the website on October 5, 2018 are attached as Ex. D and incorporated herein by reference.

26.     Leahy created and sells a software product called PULSE Dashboard, along with an accompanying line of Pulse Software Modules.

27.     PULSE Dashboard is an add-on productivity enhancement that, prior to Exact's launch of Macola® 10, was a complementary product to Macola's legacy software solutions, including Macola® Progression® and Macola® ES. PULSE Dashboard offers dashboard functionality for legacy Macola® solutions that is similar to the dashboard functionality now offered by ECi in Macola® 10.

28.     PULSE Dashboard, as applied to ERP software solutions, is a competing product of Macola® 10.

29.     On or about July 2008, Leahy's owner, Michael Leahy, created a business consortium named ESTA Group, LLC ("ESTA Group") consisting of Leahy and four other companies.  ESTA Group is a Michigan limited liability company.

30.     Leahy was the largest member of ESTA Group in terms of registered end users of Macola software products, and Leahy represented itself to Exact/ECi as the primary contact and controlling member of ESTA Group.

31.     On or about June 30, 2010, ESTA Group and Exact entered into a certain Reseller Agreement ("Reseller Agreement" or the "Agreement"), a copy of which is not attached hereto for the reason that it is already in the possession of Leahy.  The provisions of the Reseller Agreement are incorporated herein by reference.

---

[1] Last visited on October 10, 2018.

32. Pursuant to the Reseller Agreement ESTA Group and its constituent members, including Leahy, were authorized resellers of, and service providers for, certain Exact products, including Macola®-branded software solutions.

33. During the term of the Reseller Agreement, Leahy did conduct business as a reseller of and servicer for Macola®-branded products, and Leahy received financial remuneration for its sales and services. Leahy was bound by the terms and conditions of the Reseller Agreement.

34. During the term of the Reseller Agreement, Leahy marketed and sold PULSE Dashboard to end-users of Macola®-branded products.

35. On or about November 1, 2017, Exact/ECi provided notice of termination for the ESTA Group Reseller Agreement due to ESTA Group's failure to perform and observe its contractual obligations under the Agreement. ESTA Group failed to cure the various material breaches of the Agreement during the 30 day notice & cure period, and as a result the termination was effective as of November 30, 2017.

36. Thus, as of November 30, 2017, Leahy was not a party to any Reseller Agreement with Exact/ECi, nor was it a party to any agreement that would permit it to market, sell, or service Macola®-branded products or to use or display any trademarks, trade names, or service marks of Exact, ECi, and/or Macola®.

37. Pursuant to the Reseller Agreement, during and after the term of the Agreement, Leahy was, and is, prohibited from contacting customers of Exact/ECi and soliciting business for any services or products which directly compete with the products licensed under the Reseller Agreement, including the Macola®-branded products.

38.     Pursuant to the Reseller Agreement, Leahy acknowledged and agreed that it and its agents and employees would receive, and would maintain the confidentiality of, trade secret, confidential, or proprietary information of Exact/ECi that is not publicly known, including without limitation information about Exact's/ECi's products, software, documentation, data, specifications, techniques, processes, and information or material relating to the business, personnel, customers, finances, or plans of Exact/ECi.

39.     Pursuant to the Reseller Agreement, during and after the term of the Agreement, Leahy was, and is, prohibited from using Exact/ECi's Proprietary Information (as that term is defined in the Agreement) for any purpose other than in connection with the use and distribution of Exact's/ECi's licensed products (including the Macola®-branded products) in accordance with the Agreement.

40.     The Reseller Agreement allows Exact/ECi to pursue equitable relief, including injunctive relief, in the event that Leahy breaches its obligations regarding the limited use, non-disclosure, and/or confidentiality of Exact's/ECi's Proprietary Information.

41.     The Reseller Agreement prohibits Leahy from making any false, disparaging, or derogatory statements to any person or entity regarding Exact and prohibits Leahy from acting or assisting in any action to diminish or interfere with Exact's relationship with its employees, clients, or prospective clients, and Exact's goodwill.

42.     Upon termination of the Agreement, Leahy was no longer authorized to: (i) support any Macola®-branded software; (ii) invoice end users for maintenance or support services for Exact/ECi software, including Macola®-branded software; and (iii) access Macola®-branded software products that were directly licensed to each end user licenses; and (iv) use the Macola®-branded software (as a licensee) for Leahy's own internal use.

43. Upon termination of the Agreement, Leahy was required to immediately cease referring to itself or holding itself out as an Exact or a Macola® reseller.

44. Upon termination of the Agreement, Leahy was required to immediately cease using any trademarks, trade names, or service marks of Exact and/or Macola® in any medium whatsoever, including on Leahy's website.

45. Upon termination of the Agreement, Leahy was required to immediately discontinue all marketing, distribution, internal or external (demonstration) use, and internal or external (for end users) installation of all of Exact's/ECi's licensed products, including the Macola®-branded products.

46. Within ten calendar days of the termination of the Agreement, Leahy was required to certify in writing to Exact/ECi that it had: (i) returned to Exact/ECi the original and all copies of the Exact/ECi software, documentation, and other materials related to the software or related to Exact/ECi, including any portions that had been modified, merged, or included with other software or materials, (ii) removed and certified that it shall not thereafter use any signs or other indicia containing the trademarks or trade name of Exact/ECi, and (iii) immediately destroyed all materials, advertising matter and other preprinted matter remaining in Leahy's possession or under its control containing the word "Exact" and related Exact trade names, trademarks, or service marks, including Macola®. Leahy did not timely provide this certification in writing, and even today has not yet done so nearly a year after it was required to do so.

47. Upon termination of the Agreement, Exact/ECi reminded and cautioned Leahy of its contractual obligations, including without limitation the above-referenced prohibitions, including the prohibitions on any further marketing, distribution, demonstrations,

sales, installation, and/or servicing of the licensed products, including the Macola®-branded products, and of the prohibition against continued use of the registered Macola® mark.

48.     Upon termination of the Agreement, Exact/ECi advised that, among other things, Leahy breached the Agreement by hiring one of Exact/ECi's top billable cosultants, John Clark, in a clear and unacceptable attempt to undermine Exact/ECi's promotion of Macola® 10.

### Leahy's Breaches of the Reseller Agreement

49.     ECi is informed and believes that since the release of Macola® 10 on June 30, 2014, Leahy has marketed its own PULSE Dashboard as a preferred alternative to Macola® 10 and has actively discouraged its legacy Macola® customers – and the legacy Macola® customers of other resellers – from upgrading from ECi's Macola ES™ and Progression® products to Macola® 10, and has instead encouraged them to purchase or upgrade their PULSE Dashboard product.

50.     ECi is informed and believes that Leahy has published marketing brochures and YouTube promotional videos that disparaged Macola® 10 as slow and unnecessary, in an effort to market PULSE Dashboard as an alternative option to users of Macola® legacy software.

51.     In fact, while 25% - 35% of Exact's/ECi's customers who were using prior versions of Macola® have upgraded to Macola® 10, only 4% of Leahy/Macola® customers ever converted to Macola® 10.

52.     On multiple occasions, Exact informed Leahy that Leahy's positioning of PULSE Dashboard to customers as a better alternative to migration to Macola® 10 was violative of the Reseller Agreement.

53.     ECi is informed and believes that Leahy and its agents and employees, including Michael Leahy, have not maintained the confidentiality of trade secret, confidential, or proprietary information of Exact/ECi that is not publicly known, including without limitation information about Exact's/ECi's products, software, documentation, data, specifications, techniques, processes, and information or material relating to the business, personnel, customers, finances, or plans of Exact/ECi.

54.     ECi is informed and believes that Leahy is continuing to use Exact's/ECi's Proprietary Information (as that term is defined in the Agreement) after the termination of the Agreement.

55.     Leahy knowingly and intentionally recruited and hired one of Exact's Senior Consultants – Mr. John Clark – who was a high-level employee of Exact working in Exact's Macola® line of business.  While at Exact, this Senior Consultant was entrusted with timely, sensitive, strategic, and technical confidential information of Exact, including without limitation, a thorough knowledge and understanding of all facets of Exact's Macola® line of business and software applications.  In addition, while at Exact, this Senior Consultant directly provided consulting services to at least 308 Exact (now ECi) customers, only one or two of whom were also registered as an end user of ESTA Group or Leahy.

56.     Leahy continues to refer to itself and hold itself out as an Exact or Macola® authorized reseller, an authorized support service provider, and an authorized consultant related to implementation and customization.

57.     ECi is informed and believes that Leahy is continuing to market, distribute, use (for its own internal purposes), and install for end users, Exact's/ECi's licensed products, including the Macola®-branded products.

58.     On its website, Leahy continues to hold itself out as "Macola® software experts, providing setup and optimization, training, support and more."

59.     Leahy's website offers video demonstrations of ECi's proprietary Macola® 10 software and provides a form where a customer can "Get in touch with an [sic] Macola® expert to discuss pricing, options and more. Use the form on the right to begin the conversation."

60.     Leahy failed to certify in writing within 10 days of the termination of the Agreement that it had: (i) returned to Exact/ECi the original and all copies of the Exact/ECi software, documentation, and other materials related to the software or related to Exact/ECi, including any portions that had been modified, merged, or included with other software or materials, (ii) removed and that it shall not thereafter use any signs or other indicia containing the trademarks or trade name of Exact/ECi, and (iii) immediately destroyed all materials, advertising matter and other preprinted matter remaining in Leahy's possession or under its control containing the word "Exact" and related Exact trade names, trademarks, or service marks, including Macola®.

**Leahy's Intended "Macola Workshop & New Product Showcase" Scheduled for November 14, 2018 in Cincinnati**

61.     Despite the termination of the Reseller Agreement and the numerous prohibitions set forth herein, Leahy is advertising and plans to host a conference entitled "Macola Workshop & New Product Showcase" on November 14, 2018 in Cincinnati, Ohio ("Macola® Workshop").

62.     Leahy has advertised and promoted the Macola® Workshop through advertising distributed through interstate commerce, including via email ("Macola® Workshop

Ad"). A true and accurate copy of Leahy's Macola® Workshop Ad is attached hereto as Ex. E and incorporated herein by reference.

63.     Leahy's Macola® Workshop is not authorized by ECi.

64.     Leahy's Macola® Workshop is targeted to end users of Macola®-branded products and is advertised as "free . . . for all Macola users!"

65.     The Macola® Workshop Ad falsely suggests that the Macola® Workshop is authorized by and affiliated with ECi and/or the Macola®-branded products.

66.     The Macola® Workshop Ad claims that Leahy has been working with Macola® customers for over 25 years and falsely implies that Leahy is currently authorized to work with Macola® customers.

67.     Leahy, through the Macola® Workshop Ad, has contacted and is contacting Exact's/ECi's customers and soliciting business for services and products that directly compete with ECi's services and products in violation of the Reseller Agreement.

68.     Through the Macola® Workshop Ad, Leahy is impermissibly marketing Macola®-branded products in violation of the Reseller Agreement.

69.     Through the Macola® Workshop Ad, Leahy has impermissibly offered to support Macola®-branded software without the permission or authority of ECi and in violation of the Reseller Agreement.

70.     In order to conduct the Macola® Workshop, Leahy will impermissibly market Macola®-branded products in violation of the Reseller Agreement.

71.     In order to conduct the Macola® Workshop, Leahy will impermissibly use and disclose the confidential, proprietary, and trade secret information of Exact/ECi in violation of the Reseller Agreement.

72.     In order to conduct the Macola® Workshop, Leahy will impermissibly use or demonstrate Macola®-branded software (without a valid license) for Leahy's own use in violation of the Reseller Agreement.

73.     The Macola® Workshop Ad has diminished and interfered with ECi's relationships with its clients and prospective clients and has harmed ECi's goodwill in violation of the Reseller Agreement.

74.     Leahy, through its Macola® Workshop, will diminish and interfere with ECi's relationships with its clients and prospective clients and harm ECi's goodwill in violation of the Reseller Agreement.

75.     Leahy's Macola® Workshop Ad and Macola® Workshop are false and misleading and have caused and/or will cause confusion among consumers.

76.     ECi has been, is, and will continue to be irreparably harmed by Leahy's unlawful conduct.  Unless enjoined by this Court, ECi will suffer further irreparable harm to its reputation and goodwill.  The harm constitutes an injury for which ECi has no adequate remedy at law.

### Leahy's Unlawful Use of ECi's Trademark and Copyrighted Works

77.     Leahy continues to use the trademarks, trade names, and/or service marks of Exact and/or Macola, including on Leahy's website.

78.     Despite ECi's warnings, Leahy has refused to cease use of the Macola® mark.

79.     Leahy's unauthorized use of the Macola® mark is likely to mislead consumers into believing that Leahy's products and services offered for sale and sold in

commerce are authorized, sponsored, or approved by ECi, or that Leahy is an authorized licensee.

80.     ECi does not sponsor, endorse, authorize, approve, or permit Leahy's use of the Macola® mark.

81.     Leahy has actual knowledge and notice of the Macola® mark and ECi's rights, goodwill, and valuable reputation in the mark. Leahy has used and continues to use the Macola® mark to confuse consumers and to take advantage of ECi's goodwill and valuable reputation.

82.     Leahy, through its website, has copied and displayed images of ECi's proprietary and copyrighted Macola® software, which infringes ECi's Macola® Copyrights.

83.     Leahy's actions are willful, wanton, and in deliberate disregard of ECi's rights, and are done to cause confusion and divert software license, support, and consulting services revenue from ECi to Leahy, and make this an exceptional case.

84.     ECi has been and will continue to be irreparably harmed by Leahy's illegal and unauthorized use of the Macola mark and by Leahy's acts of trademark and copyright infringement, and unfair competition.

## COUNT ONE
## BREACH OF CONTRACT

85.     ECi repeats and realleges each of the allegations contained in paragraphs 1 through 84 as if fully recopied herein.

86.     The Reseller Agreement was a valid and binding contract between Exact (n/k/a ECi) and Leahy.

87.     ECi has performed all of its obligations pursuant to the Reseller Agreement.

88.     Leahy has materially breached the Agreement by, without limitation:

a.      Diminishing and interfering with ECi's relationship with its clients and prospective clients;

b.      Marketing its own PULSE Dashboard as a preferred alternative to Macola® 10 and actively discouraging customers from purchasing Macola® 10;

c.      Publishing marketing materials (including brochures and videos) that disparaged Macola® 10 as slow and unnecessary;

d.      Failing to maintain the confidentiality of trade secret, confidential, or proprietary information of Exact/ECi that is not publicly known;

e.      Using Exact's/ECi's Proprietary Information (as that term is defined in the Agreement) after the termination of the Agreement;

f.      Knowingly and intentionally interfering with Exact's relationship with its employees, including without limitation by recruiting and hiring one of Exact's Senior Consultants;

g.      Knowingly and intentionally interfering with Exact's relationship with its customers, including without limitation those Macola® users who prior to November 30th 2017 were registered end users of ESTA Group and supported by Leahy, together with other customers of ECi (both direct customers and customers registered under other authorized resellers);

h.      Continuing to refer to itself and hold itself out as an Exact or Macola® reseller;

i.      Continuing to market, distribute, use (for its internal use purposes), and install for end users, Exact's/ECi's licensed products, including the Macola®-branded products;

j.      Continuing to use and display ECi's Macola® trademark on its website;

k.      Failing to certify in writing within 10 days of the termination of the Agreement that it had: (i) returned to Exact/ECi the original and all copies of the Exact/ECi software, documentation, and other materials related to the software or related to Exact/ECi, including any portions that had been modified, merged, or included with other software or materials, (ii) removed and that it shall not thereafter use any signs or other indicia containing the trademarks or trade name of Exact/ECi, and (iii) immediately destroyed all materials, advertising matter and other preprinted matter remaining in Leahy's possession or under its control

containing the word "Exact" and related Exact trade names, trademarks, or service marks, including Macola®;

l.    Advertising the Macola Workshop, including by distributing the Macola Workshop Ad, as set forth herein; and

m.    Otherwise failing to perform as required under the Reseller Agreement.

89.    As a direct and proximate result of Leahy's breaches, ECi has suffered damages in an amount to be determined at trial.

90.    ECi has been, is, and will continue to be irreparably harmed by Leahy's unlawful conduct.  Unless enjoined by this Court, ECi will suffer further irreparable harm to its reputation and goodwill.  The harm constitutes an injury for which ECi has no adequate remedy at law.

## COUNT TWO
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

91.    ECi repeats and realleges each of the allegations contained in paragraphs 1 through 90 as if fully recopied herein.

92.    ECi claims violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

93.    Leahy's unauthorized use of the Macola® mark in commerce is likely to cause confusion, mistake, or deception as to the source, association, or sponsorship of Leahy's goods and services.  ECi's first use of the Macola® mark is long prior to Leahy's first use of Macola®, and the relevant public is likely to believe that Leahy's products and services originate with, are licensed by, connected with, or associated with ECi.  Leahy's prominent use of the Macola® mark falsely represents Leahy and its business as being legitimately connected with ECi, and places ECi's reputation beyond its own control.

94. Leahy's conduct is willful and with full knowledge of ECi's prior use and ownership of the Macola® mark. Leahy's acts have been and are being committed with the intent and purpose of misappropriating ECi's goodwill.

95. ECi has been, is, and will continue to be irreparably harmed by Leahy's unauthorized use of the Macola® mark. Unless enjoined by this Court, ECi will suffer further irreparable harm to its reputation and goodwill. The harm constitutes an injury for which ECi has no adequate remedy at law.

96. Upon information and belief, ECi has been damaged as a direct and proximate result of Leahy's violations, including lost sales, lost profits, and harm to its goodwill. Further, Leahy has benefited by its continued unauthorized use of the Macola® mark, thereby realizing profits and sales it would not otherwise have obtained. ECi has also incurred attorneys' fees and costs to bring this action.

97. As a result, ECi is entitled to injunctive relief; destruction and/or forfeiture of all infringing articles; removal of all instances of infringing use of ECi's marks on Leahy's websites and all digital and electronic files, marketing materials, or other locations; monetary damages including a disgorgement of Leahy's profits and ECi's actual damages; and its costs and attorneys' fees in this action.

**COUNT THREE**
**FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a)(1)(A))**

98. ECi repeats and realleges each of the allegations contained in paragraphs 1 through 97 as if fully recopied herein.

99. ECi claims violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

100. Leahy's unauthorized use of ECi's Macola® mark in commerce is likely to cause confusion, mistake, or deception as to the source, association or sponsorship of Leahy's goods and services. ECi's first use of the Macola® mark is long prior to Leahy's first use of Macola®. The relevant public is likely to believe that Leahy's products and services originate with, are licensed by, connected with, or associated with ECi. Leahy's prominent use of the Macola® mark falsely represents Leahy and its business as being legitimately connected with ECi, and places ECi's reputation beyond its own control.

101. Leahy's unauthorized use of the Macola® mark constitutes use of a false designation of origin in commerce, which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Leahy's goods and services.

102. Leahy's conduct is willful and with full knowledge of ECi's prior use of the Macola® mark, and in spite of ECi's clear demand to cease use. Defendant's acts have been and are being committed with the intent and purpose of misappropriating ECi's goodwill.

103. ECi has been, is, and will continue to be irreparably harmed by Leahy's unlawful conduct. Unless enjoined by this Court, ECi will suffer further irreparable harm to its reputation and goodwill. The harm constitutes an injury for which ECi has no adequate remedy at law.

104. ECi has been damaged as a direct and proximate result of Leahy's violation, including lost sales, lost profits, and harm to its goodwill. Further, Leahy has benefited by its continued unauthorized use of the Macola® mark, thereby realizing profits and sales it would not otherwise have obtained. ECi has also incurred attorneys' fees and costs to bring the present action.

105.     ECi will be irreparably injured by Leahy's aforementioned acts, and unless enjoined by this Court, ECi will suffer further harm to its reputation and goodwill.  This harm constitutes an injury for which ECi has no adequate remedy at law.

<div align="center">

**COUNT FOUR**
**FEDERAL UNFAIR COMPETITION – FALSE ADVERTISING**
**(15 U.S.C. § 1125(a)(1)(B))**

</div>

106.     ECi repeats and realleges each of the allegations contained in paragraphs 1 through 105 as if fully recopied herein.

107.     ECi claims violation of Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B).

108.     Defendant has disseminated in commercial advertising or promotion multiple false or misleading descriptions and representations of fact regarding ECi's and Defendant's goods and services.  These false or misleading descriptions and representations include: claims that ECi's Macola® software is slow or unreliable; that Defendant's PULSE family of software is superior; and that Defendant is an authorized Macola® support and service provider or reseller.  (These false or misleading claims are referred to herein, collectively, as "Defendant's False Macola® Ads.")

109.     Defendant's False Macola® Ads have deceived or are likely to deceive consumers regarding the nature, characteristics, or qualities of Defendant's goods or services and ECi's software.

110.     Defendant's False Macola® Ads are material to consumers, in that they are likely to influence the purchasing decision.

111.     Defendant has disseminated Defendant's False Macola® Ads in commerce, including but not limited to its website, which is accessible nationwide and in this District.

112.     Plaintiff was injured or is likely to be injured by Defendant's dissemination of Defendant's False Macola® Ads in commerce.

<div align="center">

**COUNT FIVE**
**UNFAIR COMPETITION IN VIOLATION OF**
**OHIO'S DECEPTIVE TRADE PRACTICES ACT**
**(R.C. §4165.02, ET SEQ.)**

</div>

113.     ECi repeats and realleges each of the allegations contained in paragraphs 1 through 112 as if fully recopied herein.

114.     Leahy is a "Person" pursuant to R.C. §4165.01(D).

115.     Leahy engages in commercial advertising and promotion of its products and services to the purchasing public, including without limitation through its website, www.leahyconsulting.com.

116.     Leahy has engaged in deceptive trade practices by:

a.     Causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods and services, including without limitation by falsely stating and/or implying that it is an authorized reseller, installer, servicer, and/or trainer of Macola®-branded software.

b.     Causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by ECi/Macola®.

c.     Representing that its good or services have sponsorship, approval, characteristics, uses, benefits, and qualities that they do not have and by representing that Leahy has sponsorship, approval, status, affiliation, and connection with ECi and its software products, including the Macola®-branded products that Leahy does not have.

      d.    Disparaging the goods, services, or business of ECi by false representation of fact, including without limitation that Leahy's PULSE Dashboard is a preferred alternative to Macola® 10.

117.    Leahy willfully engaged in the forgoing deceptive trade practices, knowing that they were deceptive.

118.    Leahy's actions and statements deceive or tend to deceive a substantial portion of the intended audience.

119.    Leahy's acts and statements are material in that they will likely influence, and upon information and belief have influenced, the purchasing decisions of deceived customers.

120.    Leahy's statements were introduced into interstate commerce, including through Leahy's website, www.leahyconsulting.com and, upon information and belief, through the U.S. Mail and through email.

121.    Leahy's actions and statements have directly and proximately caused harm to ECi by confusing and misleading consumers, directing customers away from ECi and towards Leahy resulting in lost and diverted sales for software licenses, support, and consulting services related to the Macola® products, and irreparable harm to ECi's valuable business reputation and goodwill.

122.    Leahy has violated Ohio's Deceptive Trade Practices Act, R.C. §4165.02, et seq.

123.    As a result, ECi is entitled to injunctive relief, actual damages, as well as its attorneys' fees pursuant to R.C. §4165.03 (A) and (B).

**COUNT SIX**
**COMMON LAW UNFAIR COMPETITION**

124. ECi repeats and realleges each of the allegations contained in paragraphs 1 through 123 as if fully recopied herein.

125. ECi claims common law unfair competition.

126. Leahy's acts constitute unfair competition and misappropriation of ECi's Macola® mark, as well as its business reputation and goodwill, under the common law of the State of Ohio.

127. Leahy's acts are intended to attract attention to Leahy's products and services and thereby gain a commercial advantage by attracting business by the use of ECi's goodwill.

128. Leahy's activities have caused and will cause irreparable harm, damage, and injury to ECi, for which ECi has no adequate remedy at law.

129. The activities of Defendant have damaged, are damaging, and will continue to damage ECi in an amount as yet undetermined.

**COUNT SEVEN**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 ET SEQ.)**

130. ECi repeats and realleges each of the allegations contained in paragraphs 1 through 129 as if fully recopied herein.

131. ECi owns valid copyrights in its Macola® software, the referenced Macola® Copyrights.

132. ECi has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyrights in its Macola® software, namely, the Macola® Copyrights, and in compliance with the law has received from the Register

of Copyrights the appropriate Certificates of Registration, which constitute prima facie evidence of the validity of its copyrights and the facts stated in the certificates.

133.    Defendant does not have a license to use or display Macola® Copyrights on its website or in other commercial advertising or promotion, nor does Defendant have a license to copy and install the Macola® software on its on servers/internal operating environment, or any contractual or legal authority to copy, install, or customize the Macola® software on any other server or operating environment on behalf of any ECi customer or prospect.

134.    Defendant has been exposed to and has had access to the software protected by the Macola® Copyrights due to widespread dissemination of the copyrighted works.

135.    By copying, displaying, distributing, offering for sale, and selling to the public, software and software services which are substantially and strikingly similar to the Macola® Copyrights, Defendant has infringed ECi's Macola® Copyrights, and its refusal and failure to take immediate steps to cease and desist demonstrates continuing unlicensed and infringing activities.

136.    Defendant's unauthorized acts relating to the infringement presently constitutes, and will continue to constitute, willful and deliberate infringement of ECi's Macola® Copyrights.

137.    Through its acts of copyright infringement, Defendant has unlawfully derived, and will continue to derive, income and profits from its infringing acts and ECi has sustained and will continue to sustain substantial injury, loss, and damage.

138.    As a direct and proximate result of Defendant's acts of copyright infringement, ECi is entitled to actual damages and Defendant's profits under 17 U.S.C. § 504(b) or in the alternative, the maximum statutory damages of $150,000 per infringing copy or user with respect to each infringed copyright under 17 U.S.C. § 504(c).

139.    ECi is entitled to its attorney's fees under 17 U.S.C § 505.

140.    Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause irreparable injury to ECi that cannot be fully compensated or measured in monetary damages.  ECi has no adequate remedy at law and, under 17 U.S.C. § 502, is entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing to infringe the Macola® Copyrights.

## PRAYER FOR RELIEF

**WHEREFORE**, ECi prays for the following relief:

1.    That Leahy, its agents, officers, employees, successors, and assigns, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

a.    Further dissemination of the Macola Workshop Ad and/or any similar advertising and promotional communications or materials regarding the Macola Workshop;

b.    Conducting the Macola Workshop;

c.    Using ECi's Macola® mark on or in connection with software or other goods or services in a manner that gives rise to a likelihood of confusion, mistake or deception;

    d.   Doing any other act likely to induce the mistaken belief that Leahy is in any way affiliated, connected, or associated with ECi or its goods or services; and

    e.   Unfairly competing with ECi in any manner whatsoever, including but not limited to offering to license Macola® software or provide maintenance, support, or consulting services (including implementation and customizations) for the Macola® software.

2.    That ECi be awarded monetary relief in an amount to be determined by the Court, including:

    a.   Compensatory damages for Leahy's breaches of the Reseller Agreement;

    b.   All profits received by Leahy from sales and revenues of any kind made as a result of its infringing actions;

    c.   All damages sustained by ECi as a result of Leahy's acts of infringement and unfair competition, and that such damages be trebled;

    d.   Actual damages, or in the alternative, statutory damages, under the Copyright Act;

    e.   An amount sufficient to enable ECi to conduct a corrective advertising campaign, at its discretion, to address Leahy's unlawful actions; and

    f.   Punitive damages.

3.    That, because of the exceptional nature of this case resulting from Leahy's deliberate conduct and infringing actions, this Court award to ECi its reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

4.     That, pursuant to 15 U.S.C. § 1116, Leahy is directed to file with the Court and serve on ECi, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

5.     That ECI has such other and further relief as this Court may deem just.

<div style="margin-left:40%">

*s/ Robin D. Miller*
Robin D. Miller (0074375)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
P: (513) 698-5054; F: (513) 698-5055
rmiller@ulmer.com

and

Christine E. Watchorn (0075919)
Ulmer & Berne LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
P: (614) 229-0034; F: (614) 229-0035
cwatchorn@ulmer.com

*Attorneys for Plaintiff*
*ECi Macola/MAX, LLC*

</div>

CIN2000:2526796v3
31999.00058

## **VERIFICATION**

STATE OF OHIO          )
                       ) SS:
COUNTY OF FRANKLIN     )

I _JEFFREY P RALYEA_ having been duly sworn, state that I have read the forgoing Verified Complaint and that the allegations therein are true and accurate to the best of my knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

SWORN TO and subscribed in my presence this _//_ day of October 2018.

MARLYS JOY SPINDOR
Notary Public, State of Texas
Comm. Expires 02-15-2021
Notary ID 8684581

NOTARY PUBLIC

CIN2000\2526796v2
31999.00058

28